**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THOMAS JAMES CLAUSO,

                Plaintiff,

                v.

MS. ZIMMERMAN, et al.,

                Defendants.

Civil Action No. 22-5646 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint (ECF No. 2) pursuant to 28 U.S.C. § 1915A. Because is suing state officials for claims related to his prison confinement, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's excessive force and legal mail claims shall proceed against Defendant Carty only; and all of Plaintiff's remaining claims shall be dismissed without prejudice.

## I.   BACKGROUND

Plaintiff is a convicted state prisoner currently confined in South Woods State Prison. (ECF No. 2 at 2-3.) Plaintiff states that he is a disabled, 74 year old man. (ECF No. 2 at 7.) In his amended complaint, Plaintiff alleges that, in early 2021, he was called to retrieve legal mail and found Defendant Carty reading his opened mail. (*Id.* at 8.) He was sent back to his cell block, and then had a box of his opened mail returned to him. (*Id.*) A few months later, in May, Carty

again opened Plaintiff's mail, which resulted in an altercation in which Plaintiff states that Carty "sucker punched" him." (*Id.*) Plaintiff then "broke [a] sprinkler [two] times to get people" to come, which resulted in his receiving disciplinary charges. (*Id.*) Plaintiff was apparently interrogated during the charging process, which included Carty restraining his arm behind his back and roughly handcuffing him. (*Id.*)

Plaintiff also apparently received a disciplinary charge of some sort for possessing drugs.[1] (*Id.* at 5-7.) When prison officers sought to investigate the charge, Plaintiff told them the pills involved were aspirin from the prison commissary which lacked a label. (*Id.* at 7.) Plaintiff, who was then sick in the prison infirmary, was to be interrogated by Defendant Varner, but refused asserting he was too sick. (*Id.*) When Varner and other guards insisted and refused to leave, Plaintiff cursed at them and again told them to leave. (*Id.*) Plaintiff and Varner then argued before the guards departed. (*Id.*) Disciplinary charges were thereafter filed. (*Id.*)

Plaintiff thereafter appeared before Defendant Zimmerman for a hearing on his disciplinary charges. (*Id.* at 4-6.) Plaintiff, who wished to transfer to a veterans program at East Jersey State Prison, was encouraged by Zimmerman to plead guilty if he wished to complete his disciplinary punishment in time to seek a transfer. (*Id.*) The exact outcome of the proceedings is unclear, as it appears Plaintiff was willing to plead guilty to all but the drug charge. (*Id.*) Plaintiff requested to be able to call his wife before doing so, but was denied the opportunity to do so by Zimmerman. (*Id.*) Plaintiff received guilty findings on at least some of his charges, resulting in placement in administrative segregation. (*Id.*) Following the disciplinary proceedings, Defendant Degner, the prison warden, denied Plaintiff's request to transfer to East Jersey. (*Id.*)

---

[1] Plaintiff's allegations as to the drug-related charge are disjointed and not entirely clear, but the following appears to be the chain of events Plaintiff is alleging took place.

## II.   LEGAL STANDARD

Because Plaintiff is a state prisoner suing prison officials for claims related to his confinement, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim [at the screening stage] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In this matter, Plaintiff appears to be raising the following claims pursuant to 42 U.S.C. § 1983: interference with legal mail and excessive force claims against Defendant Carty; false disciplinary charge claims directed towards Defendants Carty, Varner, and Zimmerman; and a claim against Defendant Degner based on the denied transfer. Having reviewed the amended complaint, this Court perceives no basis for the dismissal of Plaintiff's excessive force claims and interference with legal mail claims raised against Defendant Carty, and shall permit those to proceed. Plaintiff's remaining claims, however, suffer from various deficiencies.

Turning first to the transfer issue, it has long been established that prisoners do not have a liberty interest in being held in any specific prison or classification level, and prisoners thus have no right to prison transfers or placements of their choosing. *See Johnson v. Burris*, 339 F. App'x 129, 130 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Heaney v. N.J. Dep't of Corr.*, No. 10-3027, 2010 WL 5094429, at * 2 (D.N.J. Dec. 8, 2010). Plaintiff's claim against Degner, premised entirely on the denial of a discretionary transfer request following disciplinary infractions, thus fails to state a claim for which relief may be granted.

Plaintiff's false disciplinary charge claims fair no better. The filing of a false disciplinary charge does not violate a prisoner's civil rights – a prisoner's rights will only be violated where he

4

is denied Due Process in the resulting disciplinary hearings. *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). To show an entitlement to Due Process at such hearings, a plaintiff must plead facts showing that the hearings themselves deprived him of a protected liberty interest – such as the loss of good time credits – and that he was thereafter denied some protective aspect of Due Process. *See, e.g., Sandin v. Connor*, 515 U.S. 472, 486 (1995); *Deavers v. Santiago*, 243 F. App'x 719, 721 (3d Cir. 2007); *see also Stevenson v. Carroll*, 495 F.3d 62, 70 (2007). Prisoners generally do not have a protected liberty interest in avoiding placement in punitive housing. *Sandin*, 515 U.S. at 486. Here, Plaintiff has neither pled the deprivation of a protected liberty interest – he alleges only that he received a punitive housing placement – nor that he was denied any Due Process protections at his hearing.[2] Plaintiff has thus failed to plead a cognizable Due Process claim, and his false charge related claims are therefore dismissed without prejudice.[3]

Finally, the Court notes that Plaintiff names a number of additional Defendants in his amended complaint about whom he pleads no allegations. As there are no claims pled against those Defendants in the amended complaint, any claim Plaintiff may have intended to raise against them are dismissed without prejudice at this time.[4]

---

[2] Although Plaintiff alleges he was denied the ability to contact his wife before pleading guilty, this Court is aware of no caselaw suggesting that the Due Process clause provides for such contact before the conclusion of a disciplinary proceeding.

[3] The Court also notes that Plaintiff attempts to connect his disciplinary related claims to multiple Defendants by asserting that they conspired with one another. To plead a conspiracy, however, Plaintiff must plead facts indicating the elements of a conspiracy – agreement and concerted action. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action). To the extent Plaintiff is asserting a conspiracy claim, he has failed to plead a cognizable conspiracy.

[4] As an amended complaint "supersedes the original pleading and renders the original pleading a nullity," Plaintiff's amended complaint replaced his original complaint and any allegations

## IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's excessive force and legal mail claims shall proceed against Defendant Carty only, and his remaining claims are dismissed without prejudice. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

contained therein not repeated in the amended complaint. *Garrett v. Wesford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Should Plaintiff seek leave to file another amended complaint, as he states he may intend to do in the future, any proposed amended complaint must contain *all* of the allegations Plaintiff wishes to raise. He may not proceed via piecemeal addenda as he appears to suggest he intends to do.